965 So.2d 354 (2007)
Tavorris TUMBLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2314.
District Court of Appeal of Florida, Fourth District.
September 26, 2007.
*355 Tavorris Tumblin, Indiantown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Tavorris Tumblin appeals the denial of his rule 3.800(a) motion to correct an illegal sentence. We reverse, holding that these convictions do not qualify him for sentencing under the prison releasee reoffender statute.
Following a jury trial, Tumblin was found guilty of burglary of a dwelling with an assault or battery, and he was sentenced to life in prison as a Prison Releasee Reoffender. In his 3.800(a) motion, he argued that his PRR sentence is illegal based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and State v. Overfelt, 457 So.2d 1385 (Fla.1984), because the facts required to support the enhanced sentence were not submitted to the jury. The jury did not make a specific finding that the dwelling was occupied. Tumblin's offense was committed before the PRR statute was amended in response to State v. Huggins, 802 So.2d 276 (Fla.2001), to include burglary of an unoccupied dwelling.
The trial court denied the motion concluding that the jury did not need to find that the place burglarized was an occupied dwelling because the PRR statute applies to "any defendant who commits, or attempts to commit . . . [a]ny felony that involves the use or threat of physical force or violence against an individual." See § 775.082(9)(a)1.o., Fla. Stat. (2000).
Contrary to the trial court's reasoning, burglary with an assault or battery does not constitute a "forcible felony" that would qualify Tumblin for a PRR sentence. See State v. Hearns, 961 So.2d 211 (Fla. 2007); Paul v. State, 958 So.2d 1135 (Fla. 4th DCA 2007). In determining whether an offense is a forcible felony under the Violent Career Criminal and PRR statutes, the statutory elements of the offense must include the threat or use of physical force or violence. Hearns, 961 So.2d at 213-17. The particular circumstances of the case are irrelevant.
The issue in Hearns was whether battery on a law enforcement officer is a forcible felony under the VCC statute. The supreme court concluded that it was not a forcible felony because the statutory elements do not necessarily include a threat of physical force or violence. The offense could be committed by an unlawful touching, "nominal contact." Id. at 219.
*356 In this case, the jury found Tumblin guilty of burglary with an assault or battery as charged in the information. Like battery on a law enforcement officer in Hearns, the offense could be committed by an unlawful touching during a burglary and does not necessarily include the threat or use of physical force or violence. Based on Hearns, Tumblin could not be sentenced as a PRR under section 775.082(9)(a)1.o, Florida Statutes (2000).
On appeal, the state agrees that Tumblin does not qualify for PRR sentencing. However, the state suggests that a new sentencing hearing is not required and that the case should simply be remanded for the trial court to vacate the PRR portion of the sentence.
We agree with Tumblin that he is entitled to a full resentencing hearing. See Hearns, 961 So.2d at 219 (approving the Third District's reversal of Hearns's VCC sentence in Hearns v. State, 912 So.2d 377 (Fla. 3d DCA 2005)). After concluding that Hearns did not qualify as a violent career criminal, the Third District held that he was entitled to a full resentencing hearing; see also Ross v. State, 901 So.2d 252 (Fla. 4th DCA 2005) (granting a petition for writ of habeas corpus and remanding for resentencing because the defendant did not qualify for PRR sentencing). By finding that he qualified as a PRR at the original sentencing hearing, the trial court had no discretion and was required to sentence him to a mandatory term of life in prison. Although Tumblin still qualifies for a life sentence, on remand, the trial court may exercise its discretion in sentencing him.
GUNTHER, WARNER and MAY, JJ., concur.