988 So.2d 152 (2008)
Robert E. GORHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1698.
District Court of Appeal of Florida, Fourth District.
August 6, 2008.
*153 Robert Gorham, Lake City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Robert Gorham appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence.[1] Gorham was sentenced as a prison releasee reoffender (PRR) to a mandatory life sentence for the offense of burglary of a conveyance with an assault or battery.[2] Because this offense does not qualify for PRR sentencing, we reverse.
The PRR statute in effect at the time of Gorham's offense specifies the offenses to which it applies. The only burglary offenses are "burglary of a dwelling or burglary of an occupied structure." § 775.082(9)(a)1q, Fla. Stat. (2003), and "armed burglary." § 775.082(9)(a)1p, Fla. Stat. (2003). The statute does not include burglary of a conveyance or burglary with an assault or battery as a qualifying offense.
The PRR statute also contains a "catchall provision" of "[a]ny felony that involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)1o, Fla. Stat. (2003). This court has held that burglary with an assault or battery does not qualify for PRR sentencing under this catch-all provision. Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007). In Tumblin, this court found that, applying State v. Hearns, 961 So.2d 211 (Fla.2007), because the burglary with an assault or battery could have been committed by a mere unlawful touching during the burglary, the offense did not necessarily include the "threat or use of physical force or violence" necessary to qualify under the catch-all provision. 965 So.2d at 356.
The circuit court in this case found that this court's subsequent decision in Spradlin v. State, 967 So.2d 376 (Fla. 4th DCA 2007), conflicted with Tumblin and overruled it. The circuit court relied on a statement in Spradlin that "[b]ecause felony battery is not one of the enumerated batteries in the forcible felony statute, it is not one of the specific offenses for which a defendant can be made to suffer the enhanced punishments of a PRR." Id. at 378.
While this court made reference to the definition of "forcible felony" contained in section 776.08, Florida Statutes, we did so because the "forcible felony" statute contains a similar catch-all provision to the PRR statute. We did not find, as the trial court concluded, that the PRR act applies to all "forcible felonies" as set out in section *154 776.08. Such a reading is illogical and would lead to absurd results.
Section 776.08 lists "burglary" as a forcible felony. If the trial court's conclusion is accepted, then the PRR statute would apply to all forms of burglary, and the PRR statute's specific enumeration of particular forms of burglary would be rendered meaningless. The trial court's erroneous conclusion would essentially overrule the Florida Supreme Court's decision in State v. Huggins, 802 So.2d 276 (Fla.2001). In response to Huggins, the legislature revised the PRR statute and clarified the forms of burglary to which PRR sentencing should apply. See Ch. 01-239, § 1, at 2192, Laws of Fla. The legislature has clearly not subjected all forms of burglary to PRR sentencing.
The PRR statute explicitly names only burglary of a dwelling, burglary of an occupied structure, and armed burglary as qualifying offenses. Expressio unius est exclusio alterius. If the legislature intended to include all burglaries for PRR sentencing, then it would have been unnecessary to state any particular form of burglary. Clearly, the legislature did not intend the PRR statute to reach all the "forcible felonies" defined in 776.08.[3]
In Spradlin, this court applied Hearns and held that felony battery did not qualify for PRR sentencing because "a felony battery does not, of necessity, involve the requisite level of physical force or violence contemplated by the PRR catch-all provision." 967 So.2d at 378. Spradlin is consistent with Tumblin which provides the controlling law in this case. Because the burglary of a conveyance with an assault or battery does not necessarily involve the level of force or violence contemplated by the PRR statute's catch-all provision, Gorham's mandatory, day-for-day, life sentence as a PRR is illegal.
We reverse and remand for de novo resentencing. Unless the state can show the requisite necessity, Gorham is entitled to be sentenced by the same judge that heard the evidence and initially imposed sentence in this case. See Fla. R.Crim. P. 3.700; Lester v. State, 446 So.2d 1088, 1090 (Fla. 2d DCA 1984) (noting that except in emergency situations rule contemplates that sentence be imposed by trial judge).
SHAHOOD, C.J., WARNER and FARMER, JJ., concur.
NOTES
[1] Gorham's motion was denied following this court's remand in Gorham v. State, 968 So.2d 717 (Fla. 4th DCA 2007). The proceedings following remand appear to have been heard by a different judge than initially imposed sentence in this case.
[2] Gorham's motion notes that the sentencing judge repeatedly stated during the sentencing hearing that he did not want to impose a life sentence but was required to do so because he felt bound by the PRR statute. See § 775.082(9)(a)3a, Fla. Stat. (2003).
[3] The Legislature made express reference to the "forcible felony" statute in defining the offenses that qualify for violent career criminal (VCC) sentencing. See § 775.084(1)(d)1a, Fla. Stat.