PER CURIAM.
 

 Appellant, Lawrence D. Slocum, appeals his thirty-year sentence as a prison releas-ee reoffender (PRR) on count two, burglary of a conveyance with battery. Appellant argues that burglary of a conveyance with battery is not a qualifying offense for PRR sentencing under section 775.082(9)(a)l, Florida Statutes (2005). We agree and, accordingly, reverse and remand for the trial court to resentence Appellant as to count two. We affirm Appellant’s judgment on both counts and his sentence for count one.
 

 Appellant was charged with committing robbery and burglary of a conveyance with battery on August 28, 2005. Following trial, the jury found Appellant guilty of both counts as charged. At sentencing, the State argued that Appellant qualified for PRR sentencing for both counts. Appellant contended that burglary of a conveyance with battery was not a predicate offense to PRR sentencing under the statute. The trial court agreed with the State, reasoning that burglary with battery would fall under the catch-all provision of section 775.082(9)(a)l.o, which includes “[a]ny felony that involves the use or threat of physical force or violence against an individual.” The trial court sentenced Appellant as a PRR on both counts. Appellant received a fifteen-year sentence for count one and a thirty-year sentence for count two, to run consecutively.
 

 Contrary to the trial court’s reasoning, burglary of a conveyance with battery does not constitute a forcible felony for the purpose of PRR sentencing.
 
 See Tumblin v. State,
 
 965 So.2d 354, 355 (Fla. 4th DCA 2007). In
 
 Tumblin,
 
 the Fourth District held that for an offense to constitute a forcible felony under the PRR statute, “the statutory elements of the offense must include the threat or use of physical force or violence” and that the circumstances of the underlying crime are irrelevant.
 
 Id.
 
 (citing
 
 State v. Hearns,
 
 961 So.2d 211, 213-17 (Fla.2007)). The
 
 Tum-blin
 
 court explained that burglary with an assault or battery “could be committed by an unlawful touching during a burglary and does not necessarily include the threat or use of physical force or violence,” so the defendant “could not be sentenced as a PRR under section 775.082(9)(a)l.o, Florida Statutes (2000)
 
 [1]
 
 ."
 
 Id.
 
 at 356.
 

 We agree with the reasoning in
 
 Tumblin
 
 and, therefore, find that the trial court erred in sentencing Appellant as a PRR
 
 *576
 
 for count two. Accordingly, we REVERSE Appellant’s sentence for count two and REMAND for resentencing on count two. Otherwise, we AFFIRM.
 

 WEBSTER, BROWNING, and LEWIS, JJ., concur.
 

 [1]
 

 . The language of this subsection is identical in the 2005 version of the statute that governs Appellant’s sentence.