COHEN, J.
 

 Edward Shaw challenges his sentence as a prison releasee reoffender (“PRR”) for burglary of an occupied conveyance with an assault. Succinctly summarized, Shaw argues that he could not be sentenced as a PRR because the jury was not specifically instructed that it had to find he committed an assault during the burglary, and because burglary of an occupied conveyance is not a qualifying offense. We reject both these arguments and affirm.
 

 Shaw’s first argument raises an
 
 Appren-di
 

 [1]
 
 issue: that the jury had to specifically determine any facts, other than prior convictions, that may be used to enhance his sentence. Relevant to the instant case, Shaw contends the trial court erred by not specifically instructing the jury that it had to determine that he committed an assault during the burglary. As reflected in its verdict, the jury did just this when it found Shaw guilty of burglary of an occupied conveyance with an assault. Shaw’s second argument is equally unmeritorious.
 

 A defendant can be sentenced as a PRR if he commits an enumerated offense or, under the catch-all provision, for “[a]ny felony that involves the use or threat of physical force or violence against an individual” within three years after being released from a state correctional facility in this, or any other jurisdiction, following incarceration for an offense whose punishment is more than a year in this state. § 775.082(9)(a)l.o., Fla. Stat. (2007). The trial court found Shaw qualified as a PRR under the catch-all provision.
 

 Shaw argues he did not qualify for PRR sentencing because burglary of an occupied conveyance with an assault does not fit within the catch-all provision, citing
 
 Gorham v. State,
 
 988 So.2d 152 (Fla. 4th DCA 2008), and
 
 Tumblin v. State,
 
 965 So.2d 354 (Fla. 4th DCA 2007). In both these cases, the defendants were convicted of burglary with an assault or battery and sentenced as PRRs under the catch-all provision. In
 
 Tumblin,
 
 965 So.2d at 356, the court reversed because, “[ljike battery on a law enforcement officer ... the offense could be committed by an unlawful touching during a burglary and does not necessarily include the threat or use of
 
 *53
 
 physical force or violence.” Following
 
 Ttmblin,
 
 the court in
 
 Gorham,
 
 988 So.2d at 154, also reversed the defendant’s PRR sentence. Both these cases simply followed the supreme court’s decision in
 
 State v. Hearns,
 
 961 So.2d 211, 218 (Fla.2007), which held that committing a felony with a simple battery was not a forcible felony that qualified for enhanced sentencing under the violent career criminal statute. These cases do not hold or intimate that a defendant cannot qualify for PRR sentencing when he commits a burglary, or other felony, with an assault. In fact, a plain look at the elements of the offense Shaw committed reveals that it is a qualifying offense under the catch-all provision.
 
 See id.
 
 at 216 (whether an offense qualifies under the catch-all provision is determined by looking at the elements of the offense).
 

 Undisputedly, burglary is a felony. By definition, an assault always involves an “intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so....” § 784.011(1), Fla. Stat. (2007). Consequently, under the statutory elements test, burglary of an occupied conveyance with an assault qualifies as an offense under the catch-all provision of the PRR statute, and Shaw was properly sentenced as one.
 

 In rendering our decision, we recognize the irony that a defendant who commits a battery during the commission of a felony does not qualify as a PRR under the statute, but a defendant who commits an assault does. It is the Legislature’s duty to correct any incongruity.
 

 AFFIRMED.
 

 LAWSON and EVANDER, JJ., concur.
 

 [1]
 

 .
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).