PER CURIAM.
 

 The defendant, Michael Campbell, appeals from his conviction of burglary of a dwelling with a person assaulted and simple battery. The State has cross-appealed, arguing that the trial court incorrectly concluded that the Prison Releasee Reof-fender (PRR) Act did not require that the defendant receive a life sentence for the burglary conviction. We find no merit in the defendant’s jury instruction issue raised on direct appeal, but we reverse and remand on the PRR issue raised on cross-appeal.
 

 Campbell was charged with two counts of sexual battery with a deadly weapon on a person twelve years of age or older, in violation of sections 784.03(2), 775.087, 794.011(3) and (4)(b), and 794.0115(2)(a), Florida Statutes; one count of burglary of a dwelling with a person assaulted, in violation of sections 784.03(2) and 810.02(2)(a) and (b), Florida Statutes; and one count of aggravated battery with a deadly weapon causing great bodily harm, in violation of sections 784.03(2), 784.045(l)(a)l and 2, and 775.087, Florida Statutes.
 

 The State alleged that the defendant accosted the victim as she was exiting her apartment, pushed her inside, and attacked and sexually assaulted her. The burglary count alleged in pertinent part that the defendant “did unlawfully enter or remain in [the victim’s dwelling] with intent to commit the offense of sexual assault, assault, and/or battery or some offense therein, and in the course of committing the offense: did make an assault or battery upon a person, [the victim], and/or became armed within the structure with a dangerous weapon.” The jury found the defendant guilty as charged of burglary of a dwelling with person assaulted. It acquitted him on the two counts of sexual battery but found him guilty of the lesser included offense of battery.
 

 At the sentencing hearing, the defendant argued that he was subject only to a fifteen-year sentence under the PRR Act, based on the Fourth District’s opinion in
 
 Tumblin v. State,
 
 965 So.2d 354 (Fla. 4th DCA 2007). He argued that, although burglary of a dwelling qualifies for PRR sentencing, the enhancement based on assault or battery does not qualify under
 
 Tumblin
 
 and
 
 State v. Hearns,
 
 961 So.2d 211 (Fla.2007). Therefore, he contended, the only PRR sentence that could be imposed was fifteen years for burglary of a dwelling, but not for burglary of a dwelling with an assault or battery.
 

 The State countered that the PRR statute specifically includes burglary of a dwelling as a qualifying offense, and burglary of a dwelling with a person assaulted is a type of burglary of a dwelling. Therefore, the State maintained, the defendant should be subject to a life PRR sentence.
 

 The trial court agreed with the defendant that burglary of a dwelling with a person assaulted was not a qualifying of
 
 *1149
 
 fense under the PRR statute, because it was not specifically listed in the statute. It further found that, under the reasoning expressed in
 
 Hearns,
 
 the offense did not meet the definition of a forcible felony under the catch-all provision of the statute. Therefore, the court concluded that it was required to sentence the defendant as a PRR to only fifteen years on the burglary charge. On the felony battery count, the trial court imposed a concurrent five-year sentence.
 

 The PRR statute in effect at the time of the defendant’s offense, section 775.082, Florida Statutes (2005), provides in pertinent part:
 

 (9)(a)l. “Prison releasee reoffender” means any defendant who commits, or attempts to commit:
 

 [[Image here]]
 

 o. Any felony that involves the use or threat of physical force or violence against an individual;
 

 p. Armed burglary;
 

 q.
 
 Burglary of a dwelling
 
 or burglary of an unoccupied structure;
 

 [[Image here]]
 

 within 3 years after being released from a state correctional facility ... following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.
 

 § 775.082(9)(a)(l)(o )-(q), Fla. Stat. (2005) (emphasis added).
 

 Subsection 775.082(9)(a)(l)(o), which provides that forcible felonies qualify as PRR offenses, is sometimes referred to as the “catch-all provision.” As explained below, although there has been some focus in the case law on the fact that burglary of a dwelling with an assault or battery is not a forcible felony under this provision, there is actually no need to resort to the catchall provision in determining whether this crime is a qualifying PRR offense.
 

 The first rule of statutory construction is to consider the plain meaning of statute.
 
 See Borden v. East-European Ins. Co.,
 
 921 So.2d 587, 595 (Fla.2006). If the statute is clear and unambiguous, “courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.”
 
 Borden
 
 at 595 (quoting
 
 Daniels v. Fla. Dep’t of Health,
 
 898 So.2d 61, 64 (Fla.2005)).
 

 As set forth above, the PRR statute expressly lists burglary of a dwelling as a qualifying offense for PRR sentencing.
 
 See
 
 § 775.082(9)(a)(l)(q), Fla. Stat. (2006). It further provides that the sentencing court must look to the degree of the qualifying offense to determine the length of PRR sentence.
 
 See
 
 § 775.082(9)(a)(3), Fla. Stat. (2006). For a first-degree felony punishable by life, such as burglary of a dwelling with an assault, the PRR statute provides that the defendant must be sentenced to a term of life imprisonment.
 
 See
 
 §§ 775.082(9)(b) and 810.02(2)(a), Fla. Stat.
 

 The burglary statute provides,
 

 (2) Burglary is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084, if, in the course of committing the offense, the offender:
 

 (a) Makes an assault or battery upon any person ...
 

 § 810.02(2)(a), Fla. Stat.
 

 Reading subsections (9)(a)(l)(q) and (9)(a)(3) of the PRR statute together with subsection (2)(a) of the burglary statute, and giving them their plain meaning, reveals that burglary of a dwelling with an assault or battery is punishable by a life sentence under the PRR statute.
 

 This conclusion is supported not only by the plain language of the applicable statutes, but also by the basic principle that a court should not interpret a statute in such a way is to yield an illogical result. The
 
 *1150
 
 defendant does not deny that the PRR statute specifically lists burglary of a dwelling as a qualifying offense for enhancing a sentence. Nonetheless, he urges this Court to construe it in a way that excludes the
 
 greater
 
 offense of burglary of a dwelling with an assault or battery. The latter is a more serious crime than the former. It would be illogical to construe the PRR statute in a way that allows an enhanced sentence for simple burglary of a dwelling, but not for a greater degree of that same crime.
 

 Burglary of a dwelling is an enumerated offense. Burglary of a dwelling with an assault or battery is simply a greater degree of burglary. The legislature acknowledged in subsection 775.082(9)(a)(3) that varying degrees of qualifying offenses may exist and, accordingly, it provided for varying sentences in that subsection. Burglary of a dwelling with an assault or battery falls squarely within this statutory scheme. As the Fifth District observed in
 
 Souza v. State,
 
 889 So.2d 952, 956 (Fla. 5th DCA 2004),
 

 ... [A] number of the crimes listed in the PRR Act as qualifying offenses are described in their broadest sense. Murder, for example, is listed as one of the qualifying offenses. There are, of course, several degrees of murder and a number of different methods of committing that crime set forth in the statutes, yet the PRR Act does not differentiate, for example between second and third degree murder.
 
 See
 
 § 782.04, Florida Statutes (2003). It simply says, murder. That the description of murder is generic does not prevent a defendant from being sentenced as a prison releasee reoffender for having committed that offense.
 
 See e.g., Miller v. State,
 
 772 So.2d 611 (Fla. 1st DCA 2000).
 

 Souza,
 
 889 So.2d at 956.
 

 Applying this logic, the
 
 Souza
 
 court held that DUI manslaughter is a qualifying PRR offense, because it is a varying degree of the enumerated offense of manslaughter. The same analysis applies here. Burglary of a dwelling is one of the qualifying offenses, described in its broadest sense in the statute. Thus burglary of a dwelling with an assault or battery is simply a more serious version of the enumerated offense.
 

 The defendant relies on
 
 Tumblin
 
 and
 
 Gorham v. State,
 
 988 So.2d 152 (Fla. 4th DCA 2008). As in the present case, Tum-blin was convicted of burglary of a dwelling with an assault or battery. Tumblin argued in a 3.800(a) motion that his PRR sentence was illegal, based on
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and
 
 State v. Overfelt,
 
 457 So.2d 1385 (Fla.1984), because the facts required to suppoi*t the enhanced sentence were not submitted to the jury. The jury did not make a specific finding that the dwelling was occupied.
 

 The
 
 Tumblin
 
 court pointed out that the defendant’s crime in that case was committed before the PRR statute was amended in response to
 
 State v. Huggins,
 
 802 So.2d 276 (Fla.2001) to include burglary of an unoccupied dwelling.
 
 See Tumblin,,
 
 965 So.2d at 355. The trial court there concluded that there was no need for the jury to find that the place burglarized AA'as an occupied dwelling, because the catch-all provision of the PRR statute for forcible felonies applied. The Fourth District therefore analyzed whether the offense qualified as a forcible felony under the catch-all provision. It looked to the
 
 Hearns
 
 case to hold that it was eiTor for Tumblin to be sentenced as a PRR, where the jury failed to make a finding that the dwelling was occupied. It observed that only burglary of a dwelling was a qualifying PRR offense.
 

 Tumblin
 
 is inapposite here, because the presence of burglary of a dwelling as an
 
 *1151
 
 enumerated qualifying offense makes it unnecessary to engage in an analysis of whether burglary of a dwelling with an assault is a forcible felony under the catchall provision. While the crime may not be a forcible felony, it is a greater degree of a specifically listed qualifying offense. Therefore, it is itself a qualifying offense under the PRR statute.
 

 Gorham v. Slate
 
 is likewise inapposite. Gorham was convicted of burglary of a
 
 conveyance
 
 with assault or battery. The
 
 Gorham
 
 court held that it was error to sentence the defendant as a PRR for that crime, because burglary of a conveyance was not an enumerated offense, and burglary of a conveyance with an assault or battery could not qualify under the catchall provision, under the supreme court’s ruling in
 
 Hearns.
 
 The Fourth District noted in
 
 Gorham
 
 that the PRR statute explicitly named only burglary of a dwelling, burglary of an occupied structure, and armed burglary as qualifying offenses, but not burglary of a conveyance. Because the legislature excluded this specific offense, the court concluded that it did not intend to include it, under the tenet of statutory construction,
 
 expressio unius est exclusio alterius. See Gorham,
 
 988 So.2d at 154. As Avith
 
 Tumblin,
 
 the analysis and offense at issue in
 
 Gorham
 
 make it inappo-site hei'e.
 

 Gorham
 
 and a number of other cases refer to the analysis in
 
 State v. Hearns.
 
 The supreme court in
 
 Hearns
 
 held that assault and battery do not qualify as forcible felonies under the catch-all provision of the PRR statute. However, to determine whether burglary of a dwelling with an assault or battery qualifies as a PRR offense, there is no need to resort to the catch-all forcible felony provision, or to look to the
 
 Hearns
 
 analysis, because burglary of a dwelling is an expressly enumerated offense in subsection (9)(a)(l)(q) of the statute.
 

 We acknowledge that the defendant’s argument is supported by the language of the opinion in
 
 Williams v. State,
 
 2 So.3d 984 (Fla. 2d DCA 2008). There the court stated that the defendant could not receive a life sentence under the PRR statute for burglary of a dwelling with a person assaulted, because the crime did not fall within the catch-all provision for forcible felonies. However, it is important to note that the court in
 
 Williams
 
 did not reverse the defendant’s conviction, because the alleged sentencing error was not preserved. Instead, the court affirmed without prejudice to the defendant’s right to file an appropriate postconviction motion.
 
 See Williams,
 
 2 So.3d at 984. If the court had decided the issue on the merits it might have considered the fact that burglary of a dwelling is an enumerated offense.
 
 [1]
 
 For all these reasons, we conclude that the trial court erred in sentencing the defendant to only 15 years for burglary of a dwelling with an assault. Therefore, we reverse and remand for resentencing as to this issue. On remand, the trial court is instructed to sentence the defendant as a prison releasee reoffender to a sentence of life imprisonment on the burglary count. We find no merit to the issue the defendant raises on direct appeal and therefore we affirm as to that issue.
 

 Affirmed in part and reversed in part.
 

 VAN NORTWICK, PADOVANO, and ROWE, JJ., concur.
 

 [1]
 

 . We disagree with the statement in
 
 Williams
 
 regarding the applicability of the PRR statute, but it is not appropriate to certify conflict with the Second District Court of Appeal, beciiuse there is no conflict in the decisions.