PER CURIAM.
Billy Tom Kalogeras appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion alleging that the trial court improperly sentenced him on his conviction for false imprisonment as a Prison Releas-ee Reoffender (PRR) under section 775.082(9)(a)l, Florida Statutes (2006). Because the offense of false imprisonment is not subject to PRR sentencing, we reverse and remand for the trial court to strike the PRR designation.
Originally charged with sexual battery by threats of or use of force or violence, kidnapping and carjacking without a firearm, Appellant was found guilty of the lesser crimes of battery, false imprisonment, and theft. The trial court sentenced Appellant on the false imprisonment conviction to five years’ incarceration as a PRR, pursuant to section 775.082(9)(a)l.
The PRR designation applies to defendants who have served a prison sentence, and within three years of their release date, commit a qualifying offense. Defendants so designated face mandatory minimum sentences. The PRR statute applies *890 to a defendant who commits or attempts to commit any of the enumerated felonies in the statute, or any felony involving “the use or threat of physical force or violence against an individual.” § 775.082(9)(a)l.o.[1] A person sentenced as a PRR is not entitled to any form of early release and must serve one hundred percent of the court-imposed sentence. § 775.082(9)(b).
Appellant argues that the offense of false imprisonment is not subject to PRR sentencing because it is neither a qualifying nor an enumerated offense, relying on State v. Hearns, 961 So.2d 211 (Fla.2007), and its progeny. The issue in Hearns was whether battery on a law enforcement officer qualified as a “forcible felony,” as defined in section 776.08, Florida Statutes (2000), for purposes of the violent career criminal (VCC) statute, section 775.084(l)(d), Florida Statutes. Just as false imprisonment is not one of the enumerated felonies under section 775.082(9)(a)l., battery of a law enforcement officer is not specifically enumerated as a “forcible felony” in section 776.08. Analyzing the catchall provision that defines a “forcible felony” as “any other felony which involves the use or threat of physical force or violence against any individual,” the supreme court held that “in determining whether a crime constitutes a forcible felony, courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.” Hearns, 961 So.2d at 212. Because battery on a law enforcement officer could be committed by a mere touching that would not necessarily involve “the use or threat of physical force or violence,” within the meaning of the statute, the Hearns court concluded that battery of a law enforcement officer was not a forcible felony for purposes of imposing a VCC designation.
Although addressing the VCC statute, Hearns has been applied to the PRR statute because the language in the catchall provision is identical. See Walker v. State, 965 So.2d 1281 (Fla. 2d DCA 2007). It has also been applied retroactively. See Acosta v. State, 982 So.2d 87 (Fla. 3d DCA 2008). The Second, Third and Fourth Districts, applying Hearns, have concluded that false imprisonment is not subject to PRR sentencing. See Lamb v. State, 32 So.3d 117 (Fla. 2d DCA 2009); Davis v. State, 20 So.3d 1024 (Fla. 4th DCA 2009); Mosquera v. State, 16 So.3d 255 (Fla. 4th DCA 2009); and Sinclair v. State, 973 So.2d 665 (Fla. 3d DCA 2008).
The State unconvincingly attempts to distinguish Lamb (and to some extent, Hearns), by arguing that Appellant’s false imprisonment conviction qualified for PRR sentencing under the “catch-all” provision because he was found guilty of both battery and false imprisonment. In support, the State relies on Harris v. State, 5 So.3d 750 (Fla. 1st DCA 2009),[2] and Shaw v. State, 26 So.3d 51 (Fla. 5th DCA 2009).
In Harris, the First District held that the offense of resisting an officer with violence qualifies for PRR sentencing because the element of offering to do violence necessarily involved the use or threat of physical force or violence. In reaching this conclusion, the court distinguished Hearns and the offense of battery on a law enforcement officer, which might involve merely nonviolent, albeit unwanted, touching, and not necessarily the use of threat of physical force or violence.
*891 Likewise, in Shaw v. State, 26 So.3d 51 (Fla. 5th DCA 2009),[3] this court held that the offense of burglary of an occupied conveyance with an assault qualifies for an enhanced PRR sentence under the “catchall” provision of the statute because, by definition, an “assault” involves an intentional, unlawful threat by word or act to do violence. In rendering this decision, this court recognized “the irony that a defendant who commits a battery during the commission of a felony does not qualify as a PRR under the Statute, but a defendant who commits an assault does.” Id. at 53.
Harris and Shaw are distinguishable because the elements of the offenses in those cases necessarily involved an intentional, unlawful threat by word or act to do violence to another. In contrast, false imprisonment does not. We reject the State’s suggestion that Appellant’s convictions for false imprisonment and battery should be merged so he qualifies for PRR sentencing. We agree with the reasoning of the Second, Third and Fourth Districts, and conclude the offense of false imprisonment is not subject to PRR sentencing under the “catchall” provision of the statute.
Accordingly, we reverse and remand with instructions to strike Appellant’s designation as a PRR on his false imprisonment conviction.
REVERSED and REMANDED.
SAWAYA, PALMER and COHEN, JJ., concur.

. This subsection is commonly referred to as the "catchall” provision.

. The State’s response does not even mention Davis, Mosquera or Sinclair, cases directly on point, from other districts.

. Conflict certified in State v. Hackley, - So.3d - (Fla. 1st DCA 2010).