PER CURIAM.
 

 Robert J. Wilson appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he alleged that he was wrongfully sentenced as a prison releasee reoffender (PRR). We reverse and remand for resentencing.
 

 On April 16, 2002, Wilson was found guilty of burglary of a conveyance with assault or battery (count one), carjacking (count two), and felony fleeing or attempting to elude (count three). On May 10, 2002, Wilson was sentenced to life imprisonment on count one, thirty years’ imprisonment on count two, and fifteen years’ imprisonment on count three. All counts were to run concurrently, and Wilson was sentenced as a PRR on counts one and two.
 

 In his motion, Wilson alleged that burglary of a conveyance with assault or battery does not qualify for PRR sentencing under section 775.082(9)(a)(l), Florida Statutes (2001), and as a result, his life sentence on this count is illegal. Specifically, Wilson claimed that burglary of a conveyance is not an enumerated offense
 
 *333
 
 under the PRR statute.
 
 See
 
 § 775.082(9)(a)(l). Furthermore, he alleged that the addition of assault or battery does not place burglary of a conveyance in the category of a “forcible felony,” which would qualify the offense for PRR sentencing under section 775.082(9)(a)(l)(o), the catch-all provision.
 
 See Gorham v. State,
 
 988 So.2d 152 (Fla. 4th DCA 2008);
 
 Tumblin v. State,
 
 965 So.2d 354 (Fla. 4th DCA 2007). Wilson maintained that for an offense to constitute a “forcible felony” for the purposes of PRR sentencing, “the statutory elements of the offense must include the threat or use of physical force or violence,”
 
 Tumblin,
 
 965 So.2d at 355, and the circumstances of the underlying crime are irrelevant. Because burglary of a conveyance with assault or battery “does not necessarily include the threat or use of physical force or violence,”
 
 id.
 
 at 356, Wilson argued that he could not be sentenced as a PRR under the catch-all provision and his sentence as a PRR on this charge is illegal.
 

 In its order denying Wilson’s claim, the postconviction court simply found that a defendant convicted of any felony that involves the use or threat of physical force or violence against another individual qualifies for sentencing as a PRR.
 
 See
 
 § 775.082(9)(a)(l)(o). The court found that assault or battery falls under this umbrella, so Wilson qualified for sentencing as a PRR.
 

 In reality, the case law is far more complex than suggested by either Wilson or the postconviction court. The relevant line of cases begins with
 
 State v. Hearns,
 
 961 So.2d 211, 212 (Fla.2007), in which the Florida Supreme Court held that, in determining whether a crime not specifically listed as a forcible felony constitutes — for the purposes of violent career criminal (VCC) sentencing — a forcible felony under the catch-all provision, “courts must consider only the statutory elements of the offense, regardless of the particular circumstances involved.” Using the statutory elements test, the supreme court held that battery on a law enforcement officer (BOLEO) is not a “forcible felony” for the purposes of VCC sentencing because battery could be committed with only nominal contact and, as such, it contains elements outside of those enumerated in the catchall provision.
 
 Id.
 
 at 218. Finally, the supreme court held that “whether BOLEO is a qualifying offense must be answered consistently under both the VCC statute and the PRR statute.”
 
 Id.
 
 at 217. In
 
 Walker v. State,
 
 965 So.2d 1281, 1283-84 (Fla. 2d DCA 2007), this court applied the reasoning in
 
 Hearns
 
 and also held that PRR sentencing is inapplicable to the crime of BOLEO.
 

 Other districts followed the
 
 Hearns
 
 opinion and extrapolated upon its reasoning in a number of cases, including both
 
 Tumblin
 
 and
 
 Gorham,
 
 upon which Wilson relied. As stated above, the Fourth District in
 
 Tumblin
 
 held that because burglary with an assault or battery, like BOLEO, “could be committed by an unlawful touching during a burglary and does not necessarily include the threat or use of physical force or violence,” it could not fall under the catch-all provision of the PRR statute.
 
 Id.
 
 at 356. In
 
 Gorham,
 
 the Fourth District applied the reasoning set forth in
 
 Tumblin
 
 to the offense of burglary of a conveyance with an assault or battery— the underlying offense for Wilson’s PRR sentence — finding that “[bjecause [the offense] does not necessarily involve the level of force or violence contemplated by the PRR statute’s catch-all provision, Gor-ham’s ... sentence as a PRR is illegal.” 988 So.2d at 154.
 

 This analysis might conclude here in Wilson’s favor, but significant inconsistencies have recently emerged. In
 
 Slocum v.
 
 
 *334
 

 State,
 
 7 So.3d 574, 575 (Fla. 1st DCA 2009), the First District, relying on
 
 Tum-blin,
 
 held that burglary of a conveyance with battery only was not a forcible felony and thus did not qualify a defendant for PRR sentencing. Subsequently, in
 
 Shaw v. State,
 
 26 So.3d 51, 52 (Fla. 5th DCA 2009), the Fifth District analyzed whether burglary of an occupied conveyance with assault only qualified for PRR sentencing under the catch-all provision. First, the court noted that assault involves an “ ‘intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so.’ ”
 
 Id.
 
 at 53 (quoting § 748.011(1), Fla. Stat. (2007)). Because the PRR catch-all provision specifically encompasses “[a]ny felony that involves the use or threat of physical force or violence against an individual,” § 775.082(9)(a)(l)(o), the court in
 
 Shaw
 
 held that “under the statutory elements test, burglary of an occupied conveyance with an assault qualifies as an offense under the catch-all provision.” 26 So.3d at 53. The court in
 
 Shaw
 
 further recognized “the irony that a defendant who commits a battery during the commission of a felony does not qualify as a PRR under the statute, but a defendant who commits an assault does,” but saw no way around this holding, as every element of the catch-all provision is satisfied by the assault statute.
 
 Id.
 

 Shortly after this decision, the First District in
 
 State v. Hackley,
 
 — So.3d -, 2010 WL 4273625 (Fla. 1st DCA 2010), certified conflict with the Fifth District after holding that because the greater offense of burglary of a conveyance with battery did not qualify for PRR, neither could the lesser offense of burglary of a conveyance with assault. The court noted the necessity of this holding “to avoid the absurd consequence of encouraging a defendant who has already committed burglary with an assault to put the victim in physical danger by committing a battery to avoid the possibility of PRR sentencing.”
 
 Id.
 
 at-. The supreme court has granted review in
 
 Hackley. State v. Hackley,
 
 55 So.3d 1288 (Fla.2011) (table decision).
 

 The inconsistency here is evident, and the heart of the issue appears to be in the wording of the PRR statute. The process began with
 
 Hearns,
 
 when the application of the statutory elements test led to the holding that BOLEO does not qualify as a forcible felony under the PRR catch-all provision. 961 So.2d at 219-20. Subsequently, other districts applied the statutory elements test to offenses that included not only battery but also assault, without specifically taking account of this additional inclusion. Only in
 
 Shaw
 
 did a court specifically address the inclusion of assault into the PRR equation, holding that any crime involving assault
 
 must
 
 be included under the catch-all because assault
 
 necessarily
 
 involves the elements required by the catch-all. 26 So.3d at 53. While
 
 Hackley,
 
 — So.3d at -, clearly illustrates why the
 
 Shaw
 
 holding is troublesome, it is also difficult to dispute the underlying reasoning.
 

 As to Wilson’s case, in response to an order from this court, the State conceded that Wilson’s PRR enhancement for the charge of burglary of a conveyance with assault or battery is illegal and further conceded that reversal and remand with directions to strike the PRR designation from this charge is required. At the time of Wilson’s offense in 2001, burglary of a conveyance was not a specifically enumerated offense under the PRR statute.
 
 See
 
 § 775.082(9)(a)(l). Furthermore, as illustrated above, most courts currently hold that the modifier of “with assault or battery” does not qualify an offense for PRR sentencing under the catch-all provision. That includes this district, which held in
 
 *335
 

 Williams v. State, 2
 
 So.3d 984, 984 (Fla. 2d DCA 2008), that “we agree, and the State concedes, that [the defendant] does not qualify for PRR sentencing under [the catch-all provision]” for the offense of burglary of a dwelling with an assault or battery.
 

 Therefore, we reverse the postconviction court’s denial of Wilson’s motion and remand for the trial court to strike the PRR designation from Wilson’s sentence in count one.
 

 Reversed and remanded.
 

 KELLY, VILLANTI, and LaROSE, JJ. Concur.