PER CURIAM.
Thomas A. Suffield, Jr. appeals the summary denial of his rule 3.800 motion. He alleges that his sentence is illegal because the trial court sentenced him to life imprisonment as a Prison Releasee Reoffender (PRR) on Count 1 (Burglary of an Occupied Conveyance with Assault or Battery) in a two-count conviction where he does not qualify as a PRR. See § 775.028(9)(a)(l), Fla. Stat. (2001). The State properly concedes that Suffield is entitled to resentencing.
Suffield argues that a conviction for burglary of a conveyance with an assault or battery does not qualify for PRR sentencing pursuant to Gorham v. State, 988 So.2d 152, 154 (Fla. 4th DCA 2008) (holding resentencing was required where defendant was sentenced as a PRR for burglary of a conveyance with an assault or battery where offense did not qualify for PRR sentencing), and Tumblin v. State, 965 So.2d 354, 356 (Fla. 4th DCA 2007) (remanding for full resentencing hearing where defendant did not qualify for PRR designation in sentencing of burglary of a conveyance with an assault or battery). The trial court, in its order of denial, surmised that State v. Hackley, 95 So.3d 92 (Fla.2012), overruled Gorham and Tum-blin where it held that burglary with an assault qualifies a defendant as a PRR under the catch-all provision of section 725.082(9)(a)(l)(o)(“Any felony that involves the use or threat of physical force or violence against an individual”). However, as the State points out in response to this Court’s order to show cause, while burglary of a conveyance with an assault is a qualifying PRR offense under Hackley, burglary with a battery is not. See Hackley, 95 So.3d at 95 (“The First District correctly concluded that ... burglary of a conveyance with a battery is not a qualifying offense under the PRR statute”). Hackley explains that:
An assault — by definition — always includes the threat to do violence. § 784.011(1), Fla. Stat. (2006). Battery, on the other hand, does not necessarily involve the threat or use of force or violence. § 784.03(1), Fla. Stat. (2006); Hearns, 961 So.2d at 218. The Legislature could rationally have intended — as the plain language of the PRR statute suggests — to subject a defendant to PRR sentencing for committing a felony that necessarily involves violence or the threat of violence, but not for a felony that can be committed without violence or the threat of violence.
Id. at 96. Where Suffield was convicted of burglary with an assault or battery and improperly sentenced as a PRR on Count 1, we conclude that he is entitled to resen-tencing and remand for further proceedings consistent with this opinion.

Reversed and Remanded for resentenc-ing.

DAMOORGIAN, C.J., LEVINE and CONNER, JJ., concur.