PER CURIAM.
We reverse the trial court’s denial of appellant’s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant committed his burglary offense in 1997 before the legislature superseded the holding of State v. Huggins, 802 So.2d 276 (Fla.2001). See Shiflet v. State, 50 So.3d 1153 (Fla. 4th DCA 2010). The jury made no finding that the dwelling was occupied, and the jury’s failure to make that finding was not harmless under the circumstances of this case. Appellant has demonstrated that his mandatory life sentence as a prison release reoffender for burglary of a dwelling with an assault or battery is illegal. Suffield v. State, 132 So.3d 333, 333 (Fla. 4th DCA 2014); Tumblin v. State, 965 So.2d 354, 356 (Fla. 4th DCA 2007). We remand for resentencing.

Reversed and Remanded for Resentenc-ing.

DAMOORGIAN, C.J., MAY and FORST, JJ., concur.