NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT JOSHUA WILSON, )
)
          Appellant, )
)
v. )     Case No. 2D15-2721
)
STATE OF FLORIDA, )
)
          Appellee. )
_____ )

Opinion filed March 11, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; John K. Stargel, Judge.

Robert Joshua Wilson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


WALLACE, Judge.

       Robert Joshua Wilson appeals the denial of his motion for postconviction

relief filed under Florida Rule of Criminal Procedure 3.850. We affirm without comment

the postconviction court's order summarily denying grounds two and three of the motion.

We treat ground one of Mr. Wilson's motion as filed under rule 3.800(a), and we reverse

the postconviction court's order on ground one and remand for resentencing.

On April 16, 2002, a jury found Mr. Wilson guilty of burglary of a conveyance with an assault or battery, carjacking, and fleeing or attempting to elude a law enforcement officer. The trial court imposed non discretionary prison releasee reoffender (PRR) sentences of life and thirty years' imprisonment for the burglary and carjacking convictions respectively and fifteen years' imprisonment for the fleeing or attempting to elude conviction. In 2011, in an appeal from the denial of a motion to correct an illegal sentence under rule 3.800(a), this court held that Mr. Wilson could not be sentenced as a PRR for the burglary of a conveyance, and we reversed the postconviction court's order. Wilson v. State, 76 So. 3d 332, 335 (Fla. 2d DCA 2011). On remand, the trial court entered an order granting Mr. Wilson's motion to correct an illegal sentence and removed the PRR designation.

In his subsequent motion for postconviction relief, Mr. Wilson argued, in part, that the trial court erred in amending his sentence without ordering a new sentencing hearing and permitting Mr. Wilson and his counsel to be present at that hearing. Mr. Wilson is correct. See Gorham v. State, 988 So. 2d 152, 154 (Fla. 4th DCA 2008) (holding that when a PRR sentence is determined to be illegal, the defendant is entitled to a de novo resentencing).[1] Accordingly, we reverse ground one of the postconviction court's order and remand for a de novo resentencing for Mr. Wilson's burglary of a conveyance conviction. See Evans v. State, 909 So. 2d 424, 426 (Fla. 5th DCA 2005) (holding that when a movant successfully challenges an illegal PRR sentence in a rule 3.800(a) motion, at resentencing, the movant is entitled to "be

---

[1]To be fair, this court did not explicitly state in our 2011 opinion that a new sentencing hearing was required.

present at sentencing, represented by counsel, with an opportunity to present mitigating evidence").[2]

Affirmed in part, reversed in part, and remanded for resentencing.

ALTENBERND and MORRIS, JJ., Concur.

---

[2]Mr. Wilson's right to be resentenced by the circuit court judge who imposed his original sentence shall be determined in accordance with rule 3.700. See Clemons v. State, 816 So. 2d 1180, 1182 (Fla. 2d DCA 2002) (holding that the requirements of rule 3.700 apply to resentencing).