DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT E. FRATCHER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3980

[ May 11, 2016 ]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert L. Pegg, Judge; L.T. Case No. 312000CF001746A.

Robert E. Fratcher, Okeechobee, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We reverse the trial court's order denying appellant's rule 3.800(a) motion to correct illegal sentence. Appellant's conviction for burglary of a dwelling with an assault or battery, which did not specify whether the dwelling was occupied, does not qualify for prison releasee reoffender (PRR) sentencing. *Plain v. State*, 141 So. 3d 696, 696 (Fla. 4th DCA 2014); *Suffield v. State*, 132 So. 3d 333, 334 (Fla. 4th DCA 2014); *Tumblin v. State*, 965 So. 2d 354, 356 (Fla. 4th DCA 2007); *see also Ellis v. State*, 135 So. 3d 478, 480 (Fla. 2d DCA 2014); *Santiago v. State*, 76 So. 3d 1027, 1031 (Fla. 3d DCA 2011).

Appellant committed the burglary offense on December 7, 2000. At the time, the PRR statute did not apply to burglary of an unoccupied dwelling. *State v. Huggins*, 802 So. 2d 276 (Fla. 2001). After July 1, 2001, the PRR statute was amended so that burglary of a dwelling (whether occupied or unoccupied) qualifies for PRR sentencing. *Shiflet v. State*, 50 So. 3d 1153 (Fla. 4th DCA 2010); Ch. 2001-239, § 1, Laws of Fla. A conviction for burglary with an assault or battery does not necessarily require the level of force or violence required to meet the catchall provision of section

775.082(9)(a)1.o, Florida Statutes (2000).  *Tumblin,* 965 So. 2d at 356 (applying *State v. Hearns,* 961 So. 2d 211 (Fla. 2007)).

Appellant's mandatory minimum sentence of life in prison as a PRR is therefore illegal.  Accordingly, we reverse and remand this matter for resentencing.  We reject without discussion any other arguments raised by appellant in his motion.

*Reversed and Remanded.*

TAYLOR, LEVINE and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**