# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-1557
_____

LARRY ANTHONY CROSLEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

May 10, 2018


ROBERTS, J.

The appellant, Larry Anthony Crosley, challenges the trial court's denial of his Florida Rule of Criminal Procedure 3.800(b)(2) motion challenging his sentence of life imprisonment based on the trial court's finding that he qualified as a Prison Releasee Reoffender (PRR). The State has conceded error, and we find that the appellant's conviction for burglary with assault or battery does not qualify for the PRR designation and reverse.

The appellant was convicted in March of 2016 of burglary of a conveyance with assault or battery. Because burglary of a conveyance with assault or battery is not an enumerated offense under the PRR statute, the offense can only qualify if it falls under section 775.082(9)(a)1.o., Florida Statutes (2015), which states,

"[a]ny felony that involves the use or threat of physical force or violence against an individual." The Florida Supreme Court has stated that in order for an offense to qualify under subsection o., the "use or threat of physical force or violence must be a necessary element of the crime," and if the crime may be committed without the "use or threat of physical force or violence," then that crime does not qualify. *State v. Hearns*, 961 So. 2d 211, 217-18 (Fla. 2007). A court is not allowed to look at the specific facts of the case, but can only look to the statute itself to determine if the crime can be committed without the use of threat of physical force or violence. *Id.* at 216. Since a battery can be committed merely by the intentional touching of another person, which may not involve the use or threat of force or violence, the crime of burglary of a conveyance with assault or battery can be committed without the use or threat of physical force or violence. *See Ellis v. State*, 135 So. 3d 478, 480 (Fla. 2d DCA 2014) ("[B]ecause burglary with assault or battery encompasses the alternative of battery, which includes the nonforce option of mere touching, that offense cannot support the PRR enhancement under section 775.082(8)(a)(1)(o).")[*]; *see also Suffield v. State*, 132 So. 3d 333, 333 (Fla. 4th DCA 2014) (burglary with assault or battery does not qualify for the PRR enhancement). Therefore, burglary of a conveyance with assault and battery does not qualify under subsection o. Accordingly, the conviction for burglary with assault or battery does not qualify for the PRR designation.

REVERSED and REMANDED to the trial court for resentencing.

MAKAR and JAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[*] Section 775.082(8)(a)1.o. was renumbered in 1998 to 775.082(9)(a)1.o.

Andy Thomas, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellee.