PER CURIAM.
Affirmed. See Campbell v. State, 29 So.3d 1147 (Fla. 1st DCA 2010) (holding that burglary of a dwelling with an assault or battery, a first-degree felony punishable by life imprisonment, is a qualifying offense *93 under the prison releasee reoffender statute). See also §§ 775.082(9)(a)1.g. & q., Fla. Stat. (2001) (providing that "robbery" and "[b]urglary of a dwelling or burglary of an occupied structure" are qualifying offenses under the prison releasee reoffender provisions of section 775.082); § 775.087(1)(b) ) (providing that if, during the commission of a felony, a defendant commits an aggravated battery, the felony shall be reclassified from a second-degree felony to a first-degree felony); § 775.082(9)(a)3.a.-b., Fla. Stat. (2001) (providing that if the State establishes "that a defendant is a prison releasee reoffender ... such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows: a. For a felony punishable by life, by a term of imprisonment for life; b. For a felony of the first degree, by a term of imprisonment of 30 years").