DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE JAMES MCCRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0608

[March 12, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Caroline C. Shepherd, Judge; L.T. Case No. 50-2021-CF-007127A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Willie James McCray appeals one of his two prisoner releasee reoffender ("PRR") sentences[1] entered after a jury determined his guilt. We affirm the sentence. As the trial court correctly determined, the jury's verdict clearly stated appellant was guilty of burglary of an occupied conveyance with an assault, which qualifies for PRR punishment pursuant to section 775.082(9)(a)1.o., Florida Statutes (2023). *State v. Hackley*, 95 So. 3d 92, 94 (Fla. 2012) ("The plain language of the burglary, assault, and PRR statutes leads us to conclude that burglary of a conveyance with an assault is a qualifying PRR offense."); *see also Shaw v. State,* 26 So. 3d 51 (Fla. 5th DCA 2009). However, we remand the case to the trial court for a ministerial correction of the judgment and sentence to delete any reference to battery.

_____
[1] Appellant was also charged with and convicted of one count of robbery. The trial court imposed a PRR sentence for robbery, which is not contested on appeal.

*Affirmed.*

CONNER and KUNTZ, JJ., concur.
CIKLIN, J., dissents with opinion.

CIKLIN, J., dissenting.

I respectfully dissent and would reverse and remand for resentencing.

Simply stated, I believe it is error to find that this defendant qualified for a PRR sentence for his conviction for burglary *with assault or battery.* Because burglary with assault or battery can be committed without the threat or use of physical force or violence, the defendant's conviction did not qualify for enhanced PRR sentencing under the catch-all provision of the PRR statute, section 775.082(9)(a)1.o., Florida Statutes (2020). *See Tumblin v. State*, 965 So. 2d 354, 355 (Fla. 4th DCA 2007). Evidence of assault and evidence of physical force or violence was irrelevant to the defendant's eligibility for a PRR sentence under the present legislative sentencing scheme. *See Crosley v. State*, 247 So. 3d 69, 70 (Fla. 1st DCA 2018); *Ellis v. State*, 135 So. 3d 478, 480 (Fla. 2d DCA 2014); *Tumblin*, 965 So. 2d at 355.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**