PER CURIAM.
 

 Appellant seeks review of the trial court’s imposition of a B-year minimum mandatory sentence pursuant to the 10/20/ Life statute. Specifically, appellant alleges the imposition constituted error because the jury was not given a special interrogatory to decide the question of actual possession. We agree with appellant that the failure to submit the question of actual possession to the jury amounted to error, but we find the error to be harmless. We understand that a number of earlier cases have determined that harmless error cannot be found regardless of the overwhelming evidence presented at trial establishing the matter or the inclusion of the term “actual possession” in appellant’s charging document.
 
 See Bundrage v. State,
 
 814 So.2d 1133 (Fla. 2d DCA 2002) (recognizing that even overwhelming evidence cannot excuse the lack of a jury finding on the question of possession of a firearm for purposes of the 10/20/Life statute);
 
 see also Miller v. State,
 
 838 So.2d 644 (Fla. 1st DCA 2003) (citing
 
 Bundrage
 
 and reversing the imposition of appellant’s minimum mandatory);
 
 Thompson v. State,
 
 862 So.2d 955 (Fla. 2d DCA 2004) (reversing the imposition of appellant’s minimum mandatory because “[t]he special verdict form— not allegations in an information — indicates when a jury finds a weapon has been used.”)
 
 (citing State v. Tripp,
 
 642 So.2d 728, 730 (Fla.1994)).
 

 However, pursuant to the supreme court’s recent application of the harmless error doctrine to similar errors regarding the lack of a jury finding in
 
 Galindez v. State,
 
 955 So.2d 517 (Fla.2007), we affirm the imposition of appellant’s minimum mandatory but certify a question of great public importance concerning the applicability of
 
 Galindez
 
 to situations involving failure to procure a jury finding regarding actual possession of a firearm.
 

 In
 
 Galindez,
 
 the supreme court considered the inclusion of 80 sexual penetration points on appellant’s scoresheet and determined the inclusion amounted to error because the jury had failed to make a specific finding on the issue in violation of
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
 
 Id.
 
 at 521. After finding error, the supreme court held for the first time in Florida that the harmless error analysis must be applied to
 
 Apprendi/Blakely
 
 errors, and, upon finding that a reasonable jury could not have found that the points were not justified, the court upheld appellant’s original sentence.
 
 Id.
 
 at 524.
 

 Relying on
 
 Galindez,
 
 the State argues this court is required to perform a harmless error analysis on sentencing enhancement errors such as the one evidenced in the present case. In contrast, appellant asserts the holding may only apply to
 
 Apprendi/Blakely
 
 errors. Admittedly,
 
 Galindez
 
 expressly confines its holding to
 
 App'rendi/Blakely
 
 claims.
 
 Id.
 
 at
 
 *272
 
 524. However, Florida case law controlling this issue, while decided prior to
 
 Ap-prendi/Blakely,
 
 relies on the same principles as
 
 Apprendi/Blakely
 
 and should, thus, be equally affected by the
 
 Galindez
 
 decision.
 

 In
 
 Apprendi,
 
 the United States Supreme Court held that a jury, not a judge, must determine any facts, other than a prior conviction, that may be used to enhance a defendant’s sentence or run afoul of the defendant’s Sixth Amendment right to a jury trial. 530 U.S. at 497, 120 S.Ct. 2348. In Florida, the requirement that a jury determine the facts supporting an enhancement rested on the same principles espoused in
 
 Apprendi.
 
 Namely, in
 
 State v. Overfelt,
 
 457 So.2d 1385, 1387 (Fla.1984), a holding pre-dating the United States Supreme Court’s holding in
 
 Apprendi,
 
 the Florida Supreme Court ruled, in a similar fashion as the
 
 Apprendi
 
 court, that a jury, not a judge, is the ultimate fact-finder in a criminal prosecution and, thus, a judge’s determination of factual issues affecting a defendant’s sentence violates the defendant’s right to a trial by jury. The court explained,
 

 The question of whether an accused actually possessed a firearm while committing a felony is a factual matter properly decided by the jury. Although a trial judge may make certain findings on matters not associated with the criminal episode when rendering a sentence, it is the jury’s function to be the finder of fact with regard to matters concerning the criminal episode. To allow a judge to find that an accused actually possessed a firearm when committing a felony in order to apply the enhancement or mandatory sentencing provisions of section 775.087 would be an invasion of the jury’s historical function and could lead to a miscarriage of justice ....
 

 (Emphasis added). The supreme court, in
 
 Galindez,
 
 confirmed that the holdings of
 
 Apprendi
 
 and
 
 Galindez
 
 rely on the same consideration, the right to a jury trial, by stating:
 

 [I]n
 
 [Washington
 
 v.]
 
 Recuenco,
 
 [548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) ] the Supreme Court reversed the Washington Supreme Court’s holding that harmless error analysis does not apply to
 
 Apprendi
 
 error. Accordingly, to the extent some of our pre-
 
 Apprendi
 
 decisions may suggest that the failure to submit factual issues to the jury is not subject to harmless error analysis,
 
 Recuenco
 
 has superseded them.
 
 See, e.g., State v. Estevez,
 
 753 So.2d 1, 7 (Fla.1999) (holding that even where the evidence is uncontroverted, to sentence a defendant to a minimum mandatory sentence for trafficking, the jury must make express findings of the amount of cocaine involved);
 
 State v. Hargrove,
 
 694 So.2d 729, 730 (Fla.1997) (holding that even where evidence regarding the use of a firearm is unrebut-ted, to impose mandatory minimum sentence, a jury must make that finding);
 
 State v. Overfelt,
 
 457 So.2d 1385, 1387 (Fla.1984) (holding that to enhance a sentence because of the defendant’s use of a firearm, the jury must find the defendant guilty of a crime involving a firearm or otherwise specifically find that a firearm was used).
 

 (Emphasis added).
 

 In
 
 Galindez,
 
 the supreme court held that the harmless error test for
 
 Apprendi
 
 errors required courts to determine if “the failure to have the jury make the victim injury finding ... contributed to the conviction or sentence — in other words, whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [the fact necessary for the enhancement].” 955 So.2d at 523.
 

 
 *273
 
 Applying this test to the present case, any error is harmless. Three eyewitnesses testified that appellant had the gun in his waistband and that he pulled the gun out of his waistband to aim it at the victim. No testimony was presented to rebut this evidence and the jury found appellant “possessed” the gun. Further, the jury was informed in the charging document that the State intended to prove appellant was in actual possession of the firearm. In addition, the jury was correctly instructed that actual possession may be found where the evidence shows that “the thing [possessed] is in the hand of or on the person or that the thing is so close as to be within ready reach.”
 
 See, e.g., Reynolds v. State,
 
 983 So.2d 1192, 1194 (Fla. 3d DCA 2008) (actual possession requires the State prove the thing possessed was in ready reach or under control of the person). Last, the jury found appellant guilty “as charged.” Based on the underlying facts, no reasonable jury could have found possession by appellant without finding appellant was in actual possession of the gun, regardless of whether the jury believed the gun to be in appellant’s waistband or in his hands. Accordingly, under a harmless error analysis, we affirm.
 

 However, recognizing that the extension of
 
 Galindez
 
 raises an issue of great public importance, we certify the following question:
 

 BASED ON THE REASONING OF
 
 GALINDEZ V. STATE, 955
 
 So.2d 517 (Fla.2007), MAY A COURT FIND THAT THE FAILURE TO PROVIDE A JURY WITH AN INTERROGATORY REGARDING THE QUESTION OF ACTUAL POSSESSION OF A FIREARM CONSTITUTES HARMLESS ERROR WHERE NO REASONABLE JURY COULD HAVE FOUND THE DEFENDANT GUILTY WITHOUT FINDING ACTUAL POSSESSION OF A FIREARM?
 

 AFFIRMED.
 

 WOLF, LEWIS, and ROBERTS, JJ., concur.