KELLY, Judge.
 

 John Knight challenges the order of the postconviction court denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court has twice considered and rejected Knight’s claim that his attempted second-degree murder conviction was illegally reclassified from a second-degree felony to a first-degree felony. Because this court determines that there exists no manifest injustice that would warrant reconsideration of the issue,
 
 [1]
 
 we affirm the order of the postconviction court.
 

 The trial transcript establishes that Knight and the victim argued over a bicycle. Knight shot the victim in the back. As the victim lay helpless on the ground, Knight walked up to him and continued to shoot. The victim was shot a total of eight times and was rendered a paraplegic. The State charged Knight with attempted first-degree murder with a firearm. At trial, the jury found him guilty of the lesser offense of attempted second-degree murder. The verdict form did not reference a firearm; nevertheless, pursuant to section 775.087(1), Florida Statutes (1993), and based on the evidence that Knight used a firearm in the commission of the offense, the trial court enhanced the degree of the offense from a second-degree felony to a first-degree felony and sentenced Knight to thirty years in prison. This court affirmed Knight’s judgment and sentence.
 
 Knight v. State,
 
 678 So.2d 343 (Fla. 2d DCA 1996) (table decision).
 

 Knight filed a Florida Rule of Criminal Procedure 3.850 motion in which he argued that the enhancement was illegal because the jury did not make a finding that he used a firearm in the commission of the attempted second-degree murder.' We affirmed the denial of this claim.
 
 Knight v. State,
 
 826 So.2d 299 (Fla. 2d DCA 2002) (table decision). Knight then raised this exact claim in a rule 3.800(a) motion. Again, we affirmed the denial of the claim.
 
 *735
 

 Knight v. State,
 
 895 So.2d 419 (Fla. 2d DCA 2004) (table decision). Subsequently, Knight filed the present rule 3.800(a) motion in which he, for a third time, claimed the trial court illegally enhanced the degree of the offense based on his use of a firearm.
 

 Without a jury finding that the appellant used a firearm, the enhancement of the degree of the offense of second-degree murder from a second-degree felony to a first-degree felony was improper.
 
 See, e.g., State v. Tripp,
 
 642 So.2d 728 (Fla.1994). However, even if the trial court erred when it enhanced Knight’s sentence, he is not entitled to relief because the error was harmless. No rational jury would have found that Knight did not use a firearm in his attempt to murder the victim.
 
 See Galindez v. State,
 
 955 So.2d 517, 523-24 (Fla.2007). Accordingly, we find the error harmless beyond a reasonable doubt.
 
 See id.
 

 We suspect Knight’s multiple attempts to obtain relief on this claim stem from a mistaken belief that such an error is, or was at one time, per se reversible. The supreme court, however, has never held that it is. In the absence of such a declaration by the supreme court, all judgments are subject to a harmless error analysis.
 
 See
 
 § 924.33, Fla. Stat. (1993);
 
 State v. Schopp,
 
 653 So.2d 1016, 1020 (Fla.1995);
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1134 (Fla.1986).
 

 Knight likely was misled because until recently the supreme court had not discussed the harmless error test in any of its decisions reversing an improper firearm enhancement.
 
 See, e.g., Tripp,
 
 642 So.2d at 728;
 
 State v. Overfelt,
 
 457 So.2d 1385 (Fla.1984). A reversal without a discussion of whether an error is harmless might
 
 suggest
 
 an error is per se reversible; however, it does not make it so. As for the error Knight raises, any question as to whether it is, or ever was, per se reversible was answered by the supreme court in
 
 Galindez:
 

 Finally, in
 
 [Washington v. Recuenco,
 
 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) ], the Supreme Court reversed the Washington Supreme Court’s holding that harmless error analysis does not apply to
 
 [Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),] error. Accordingly, to the extent some of our
 
 pre-Apprendi
 
 decisions may
 
 suggest
 
 that the failure to submit factual issues to the jury is not subject to harmless error analysis,
 
 Re-cuenco
 
 has superseded them.
 
 See, e.g., State v. Estevez,
 
 753 So.2d 1, 7 (Fla.1999) (holding that even where the evidence is uncontroverted, to sentence a defendant to a minimum mandatory sentence for trafficking, the jury must make express findings of the amount of cocaine involved);
 
 State v. Hargrove,
 
 694 So.2d 729, 730 (Fla.1997) (holding that even where evidence regarding the use of a firearm is unrebutted, to impose mandatory minimum sentence, a jury must make that finding);
 
 State v. Overfelt,
 
 457 So.2d 1385, 1387 (Fla.1984) (holding that to enhance a sentence because of the defendant’s use of a firearm, the jury must find the defendant guilty of a crime involving a firearm or otherwise specifically find that a firearm was used).
 

 955 So.2d at 522-23 (emphasis added).
 

 Accordingly, we conclude that Knight did not demonstrate a manifest injustice and the postconviction court properly refused to consider his claim for a third time.
 

 Affirmed.
 

 NORTHCUTT, C.J., and LaROSE, J., concur.
 

 [1]
 

 . A defendant who has already had a rule 3.800(a) illegal sentence claim determined against him is collaterally estopped from relit-igating die same claim except where the application of collateral estoppel would result in a manifest injustice.
 
 Cillo v. State,
 
 913 So.2d 1233 (Fla. 2d DCA 2005).