ALTENBERND, Judge.
Charles Lee appeals his sentence for attempted first-degree murder, which was imposed on resentencing following the United States Supreme Court’s decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). On resen-tencing, the trial court sentenced Mr. Lee to forty years’ incarceration with a twenty-five-year minimum mandatory term. We affirm.
On the evening of November 21, 1999, Mr. Lee was on a street and got into a disagreement with two people who were in a van attempting to purchase cocaine. The nature of the disagreement is not entirely clear, but there is evidence that Mr. Lee thought he was owed forty dollars. Mr. Lee threatened to shoot the driver if he drove away. When the driver attempted to leave, Mr. Lee carried through with his threat. He shot the driver, who sustained permanent, disabling injuries. Mr. Lee was fifteen years old at the time of these events.
The State filed an information charging Mr. Lee as an adult with attempted murder in the first degree. The information alleged that he “did attempt to kill and murder and inflict upon [the victim] mortal wounds by shooting with a firearm.” The testimony at trial included testimony from the treating physician about the gunshot wound and the extent of the injury. The jury returned a verdict finding Mr. Lee guilty of attempted first-degree murder *709 with a firearm as charged in the information.
Judge Maynard F. Swanson conducted the original sentencing hearing on April 20, 2001. The presentence investigation (“PSI”) at that time recommended an adult sanction and specifically a life sentence. Although the scoresheet permitted a sentence as short as 92.1 months’ imprisonment, it was undisputed at the hearing that section 775.087, Florida Statutes (1999), applied.[1] As a result, the trial court classified the offense as a life felony. See § 775.087(1)(a). Because it was undisputed that Mr. Lee had discharged a firearm causing great bodily harm, everyone agreed that he was subject to a minimum term of imprisonment of not less than twenty-five years and not more than a term of life in prison. See § 775.087(2)(a)(3). At the conclusion of the sentencing hearing, Judge Swanson used his discretion to impose a life sentence without the possibility of parole. Mr. Lee appealed his judgment and sentence, and this court affirmed. See Lee v. State, 833 So.2d 132 (Fla. 2d DCA 2002) (table decision).
After the Supreme Court issued Graham, Mr. Lee filed a motion to correct his illegal sentence. The trial court granted that motion,[2] and the case was set for resentencing on April 1, 2011, before Judge Susan L. Gardner. At the beginning of the hearing, Judge Gardner disclosed that this was her first Graham re-sentencing, as did both the assistant state attorney and Mr. Lee’s counsel. To their credit, they cooperated with one another in fashioning an appropriate procedure for the hearing. Mr. Lee’s counsel was permitted to call Mr. Lee’s mother as a witness and to place Mr. Lee on the stand. Mr. Lee admitted that he had committed the crime, took responsibility for his actions, and described his efforts to improve himself during the decade that he had spent in prison. His counsel introduced into evidence Mr. Lee’s entire prison record, which is approximately two hundred pages in length.
Mr. Lee’s counsel argued that Mr. Lee should receive the minimum sentence of twenty-five years’ imprisonment, emphasizing Mr. Lee’s progress in prison. The assistant state attorney argued for a sentence of forty-five years’ imprisonment with a twenty-five-year minimum mandatory term, pointing out that a Graham hearing was not the same as a parole hearing. Judge Gardner stated that she had reviewed portions of the trial transcript and had more thoroughly reviewed the original sentencing transcript. She decided to sentence Mr. Lee to forty years’ imprisonment with a twenty-five-year minimum mandatory term. She explained that her discretionary decision was based more on the facts that had influenced Judge Swanson than on matters that had occurred more recently.
On appeal, Mr. Lee raises three issues. First, he argues that the forty-year term of imprisonment is cruel and unusual punishment. Second, he claims that he was entitled to an updated PSI at the sentencing hearing. Finally, he claims that the jury’s verdict does not permit him to receive a twenty-five-year minimum mandatory term of imprisonment. We reject all *710 of these arguments, recognizing that the final argument is a close issue.
Concerning the claim that the forty-year term of imprisonment is unconstitutional, we note that this court has already rejected similar arguments in a similar case. See Walle v. State, 99 So.3d 967 (Fla. 2d DCA 2012). We reject Mr. Lee’s argument for the same reasons that we rejected Mr. Walle’s arguments.
Concerning the claim that the trial court failed to order and consider an updated PSI, we first note that the record does not contain any request by Mr. Lee for such an update. He has not cited any law that would compel the trial court to obtain such an update. His counsel, of course, updated the record with nearly two hundred pages of information documenting Mr. Lee’s experiences in prison. Mr. Lee testified about his experiences between the two sentencing hearings. It is difficult to imagine that an update to the original PSI would contain anything that is not already in this record.
Concerning the twenty-five-year minimum mandatory term of imprisonment, Mr. Lee argues that it is unauthorized as a matter of law. The jury found that Mr. Lee committed attempted first-degree murder “with a firearm as charged in the information.” The information charged that he did “inflict upon [the victim] mortal wounds by shooting with a firearm.” Mr. Lee must admit that the evidence establishes beyond any reasonable doubt that he discharged a firearm causing great bodily harm. At resentenc-ing, this is the crime for which he took responsibility, recognizing that his victim would be disabled for life.
The verdict form, however, did not require the jury to make express findings that Mr. Lee “discharged” a firearm or that he caused “great bodily harm.” These elements may be implicit within a “shooting with a firearm” that causes “mortal wounds,” but Mr. Lee correctly argues that these precise factual questions were not presented to his jury when it returned a verdict in 2001. He, of course, did not object to the verdict form that was used in 2001. But arguably it was the responsibility of the State to submit an adequate verdict form. The ambiguity in the verdict form could only be helpful to Mr. Lee; it was not a harmful error to which he had any obligation to object.
Generally, it is error to enhance a defendant’s sentence under section 775.087 without a clear jury finding regarding the factual basis for enhancement. State v. Tripp, 642 So.2d 728, 730 (Fla.1994). Earlier case law tended to require a specific finding in an interrogatory verdict form to support such a sentence. See Thompson v. State, 862 So.2d 955, 958 (Fla. 2d DCA 2004); Muldrow v. State, 842 So.2d 240, 242 (Fla. 2d DCA 2003).
Certainly, an interrogatory verdict form is still the preferred method to address section 775.087. However, the supreme court has clarified that such an interrogatory is not essential. State v. Iseley, 944 So.2d 227, 230-31 (Fla.2006). In Gentile v. State, 87 So.3d 55 (Fla. 4th DCA 2012), a “clear jury finding” was established by a verdict and information very similar to those in this case. Gentile and other cases have extended the harmless error analysis in Galindez v. State, 955 So.2d 517 (Fla.2007), to this context. See Knight v. State, 6 So.3d 733, 735 (Fla. 2d DCA 2009); Lindsay v. State, 1 So.3d 270 (Fla. 1st DCA 2009); see also Gentile, 87 So.3d at 58 (“[A]ny error in the jury’s failure to make a more specific finding is clearly harmless because of the overwhelming evidence that he used a deadly weapon.”). We admit some concern that *711 the Galindez test — that no rational jury could find otherwise — could become a slippery slope that too frequently tempts an appellate court to dispense with the constitutional right to trial by jury. But in this case, even though the language is not precise, we are convinced beyond a reasonable doubt that the actual jury made a clear finding that Mr. Lee discharged a firearm causing great bodily harm. Thus, we are not relying upon what we believe every hypothetical “rational jury” might have done under like circumstances.
We have not overlooked the Supreme Court’s recent decision in Alleyne v. United States, — U.S. -, -, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013), which held that facts that increase the mandatory minimum sentence are “elements” that must be submitted to the jury. We assume that Alleyne would apply to the resentencing in this case because this appeal was pending when Alleyne was decided. But, just as a failure to obtain a jury finding could be determined to be harmless in the context of an Apprendi[3] or Blakely[4] error, see Gentile, 87 So.3d at 58; Knight, 6 So.3d at 735; Lindsay, 1 So.3d 270, we conclude that a failure to obtain a jury finding can be determined to be harmless beyond a reasonable doubt in the case of an Alleyne error.
Finding no reversible error in this sentence or in the sentencing procedure, we affirm Mr. Lee’s sentence.
Affirmed.
SILBERMAN and LaROSE, JJ., Concur.

. The scoresheet appears to contain an error in Mr. Lee’s favor. The attempted murder should have been scored as a level 10 offense rather than a level 9 offense. See §§ 775.087(1), 921.0022(3)0), Fla. Stat. (1999).

. This court has not yet determined whether or how Graham might apply retroactively. This issue was not raised in this appeal.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).