KHOUZAM, Judge.
John Wesley Ellis appeals an order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Ellis was convicted in August 1998 of sexual battery by an adult on a child under twelve and burglary of a dwelling with assault or battery. He was sentenced as a prison releasee reoffender (PRR) to life in prison for each conviction. We affirm but write to discuss two of Ellis’s claims.
*480 I. PRR DESIGNATION BASED ON FORCIBLE FELONY CONVICTION
Ellis argues that the PRR enhancement could not be imposed on his sentence for burglary with assault or battery because burglary of a dwelling is not a forcible felony. The PRR statute in effect at the time of the offenses provided, in pertinent part, as follows:
(8)(a)l. “Prison releasee reoffender” means any defendant who commits, or attempts to commit:
[[Image here]]
o. Any felony that involves the use or threat of physical force or violence against an individual; ...
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
§ 775.082, Fla. Stat. (1997). This court has held that the interpretation of this language must follow that of the catch-all provision included within the definition of “forcible felony” in section 776.08, Florida Statutes, because the language of the two provisions is substantively identical. Walker v. State, 965 So.2d 1281, 1282-88 (Fla. 2d DCA 2007). As the Florida Supreme Court has explained,
“in the strict and literal sense required by Florida law, th[e] language [of the catch-all provision of section 776.08] can only mean that the statutory elements of the crime itself must include or encompass conduct of the type described. If such conduct is not a necessary element of the crime, then the crime is not a forcible felony within the meaning of the final clause of section 776.08.”
State v. Hearns, 961 So.2d 211, 215 (Fla.2007) (quoting Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991)). In other words, to determine whether a given offense (not listed separately as a forcible felony) can be included in the catch-all provision, we consider only the statutory elements of the offense — not whether in the particular case the evidence showed that force or violence had been used. Thus, because battery can be committed by simple touching as well as by striking or intentionally causing bodily harm,[1] battery is not a forcible felony under the catch-all provision of section 776.08 even where the record shows that the defendant committed the battery in the form of striking or effecting bodily harm. Id. at 218-19.
As for the offense in the present case — burglary with assault or battery— the same conclusion is required. See Santiago v. State, 76 So.3d 1027, 1031 (Fla. 3d DCA 2011). A conviction of assault alone would support PRR sentencing because the definition of assault encompasses a threat of violence without any nonforce alternatives. Id. (citing Shaw v. State, 26 So.3d 51 (Fla. 5th DCA 2009)). However, because burglary with assault or battery encompasses the alternative of battery, which includes the nonforce option of mere touching, that offense cannot support the PRR enhancement under section 775.082(8)(a)(l)(o). Id. So Ellis is correct that his PRR enhancement is not supported under this section, but our analysis does not end there.
II. PRR DESIGNATION BASED ON A “CLEAR JURY FINDING”
Another offense in the list of predicates for the PRR enhancement identified in section 775.082(8)(a)(l) is “q. Burglary of an occupied structure or dwelling” (em *481 phasis added).[2] Ellis argues that the enhancement could not be imposed on his sentence for burglary with assault or battery because the jury made no finding that the burglarized dwelling was occupied. This claim is cognizable under rule 8.800(a). See Watkins v. State, 14 So.3d 1128, 1130 (Fla. 2d DCA 2009).
The State’s information[3] clearly charges Ellis with burglary of an occupied dwelling, in that it recites that
[Ellis] did unlawfully enter or remain in a certain dwelling, the property of [the victim], with intent to commit an offense therein and, while in the aforesaid dwelling, the said John Wesley Ellis did make an assault or battery upon [victim] (a child, less than 12 years of age), contrary to Sections 810.02(1) and 810.02(2)(a), Florida Statutes ....
The verdict form indicates that the jury found Ellis “guilty of Burglary of Dwelling with Assault or Battery as charged” but does not specifically include the word “occupied.”
The general rule is that it is error to enhance a defendant’s sentence where the jury has not made a clear finding on the factual basis for the enhancement. See Lee v. State, 130 So.3d 707, 710 (Fla. 2d DCA 2013) (addressing an enhancement under section 775.087(2)(a)(3), Florida Statutes (1999), which requires a sentence of twenty-five years to life where the defendant “discharged” a firearm or destructive device and as a result, the victim suffered “death or great bodily harm”). Ideally, an interrogatory verdict form should be used to address an enhancement. See id. But the harmless error analysis has also been extended to this context. See id.; Knight v. State, 6 So.3d 733, 735 (Fla. 2d DCA 2009). In Lee, the court was “convinced beyond a reasonable doubt that the actual jury made a clear finding that Mr. Lee discharged a firearm causing great bodily harm” even though the verdict form did not mention “discharging” the firearm or inflicting “great bodily harm.” Lee, 130 So.3d at 710.
In this case, Ellis’s motion was insufficient as it merely informed the post-conviction court of a problem with the verdict form. Ellis also needed to identify those parts of the record that demonstrate that this error was not harmless. In a rule 3.800(a) proceeding, “the burden [is on] the [movant] to demonstrate an entitlement to relief on the face of the record.” Williams v. State, 957 So.2d 600, 604 (Fla.2007). Stated more specifically:
[T]he motion must affirmatively allege that the trial court records demonstrate on their face an entitlement to relief. A mere conelusory allegation that the answer lies in the record is insufficient to satisfy the pleading requirements of the rule. At a minimum, a rule 3.800 motion should state where in the record the information can be located and explain how the record demonstrates entitlement to relief.
Santiago v. State, 22 So.3d 789, 789-90 (Fla. 5th DCA 2009) (citations omitted). As Ellis has not identified parts of the record that would tend to demonstrate that a rational jury would not have found that the dwelling was occupied, his motion does not warrant relief.
*482 We conclude that although the forcible felony prong in section 775.082(8)(a)(l)(o) does not support the PRR enhancement for Ellis’s conviction for burglary of a dwelling with assault or battery, Ellis’s rule 3.800(a) motion did not sufficiently demonstrate from the face of the record that the trial court erred in applying the enhancement under section 775.082(a)(l)(q). Accordingly, we affirm the postconviction court’s order.
Affirmed.
NORTHCUTT and CASANUEVA, JJ., Concur.

. § 784.03(l)(a), Fla. Stat. (1997) (defining battery). The offense at issue in Hearns was battery on a law enforcement officer, a detail that does not affect our analysis in this case.

. The PRR statute was later amended to omit from item q. the requirement that a dwelling be occupied: "Burglary of a dwelling or burglary of an occupied structure.” § 775.082(9)(a)(l)(q), Fla. Stat. (2001); see ch. 2001-239, § 1, Laws of Fla.

. The postconviction court did not attach the original information, but this court directed supplementation of the record with the information.