IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRAVIS BALL,

      Appellant,

v.                                                          Case No.  5D16-625

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed January 13, 2017

Appeal from the Circuit Court
for Orange County,
Renee A. Roche, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Samuel A. Perrone,
Assistant Attorney General, Daytona
Beach, for Appellee.


ORFINGER, J.

After pleading guilty to one count of vehicular homicide, Travis Ball appeals his

sentence.  Ball argues that the trial court erred in sentencing him as a prison releasee

reoffender (PRR).  We affirm.

At sentencing, Ball conceded that he qualified as a habitual felony offender (HFO), but objected to the PRR classification. The trial court sentenced Ball to twenty-two years in the Department of Corrections as an HFO and PRR, the first fifteen of which is the mandatory sentence resulting from being classified as a PRR pursuant to the catchall provision found in section 775.082(9)(a)1.o., Florida Statutes (2013).[1] The PRR statute in effect at the time of the offense defined a PRR as a defendant who committed, or attempted to commit, one of several enumerated offenses within three years of being released from a state correctional facility. § 775.082(9)(a)1., Fla. Stat. (2013). Of relevance to this case, the definition also included a defendant who had committed or attempted to commit "[a]ny felony that involves the use or threat of physical force or violence against an individual" within the requisite time period. Id. § 775.082(9)(a)1.o.

Because vehicular homicide is not a specifically enumerated offense under the PRR statute, the trial court could not classify Ball as a PRR unless that offense fell under the catchall provision, section 775.082(9)(a)1.o.—"[a]ny felony that involves the use or threat of physical force or violence against an individual." Whether it does is a pure question of law that we review de novo. Sutton v. State, 975 So. 2d 1073, 1076 (Fla. 2008). Ball argues physical force or violence is not a necessary element of vehicular homicide. We disagree.

---

[1] In interpreting the catchall provision in the PRR statute, we are guided by case law analyzing the catchall provision included in the definition of "forcible felony" in section 776.08, Florida Statutes (2013), because the critical language of the two provisions is the same. See State v. Hearns, 961 So. 2d 211, 217 (Fla. 2007) ("[W]here the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply.").

"If an offense may be committed without the use or threat of physical force or violence, then it is not a forcible felony." State v. Hearns, 961 So. 2d 211, 215 (Fla. 2007). A crime "involves the use or threat of physical force or violence against any individual" if that use or threat is a "necessary element of the crime." Perkins v. State, 576 So. 2d 1310, 1313 (Fla. 1991) (emphasis omitted). The U.S. Supreme Court has defined "physical force" to mean "force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). Black's Law Dictionary similarly defines "actual force" and "physical force" as "[f]orce consisting in a physical act." Force, Black's Law Dictionary (10th ed. 2014).

To determine whether an unenumerated offense falls within the catchall provision, courts consider only the statutory elements of the offense, "not whether in the particular case the evidence showed that force or violence had been used."[2] Ellis v. State, 135 So. 3d 478, 480 (Fla. 2d DCA 2014). Vehicular homicide is "the killing of a human being . . . caused by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another." § 782.071, Fla. Stat. (2013). The elements are: (1) the death of the victim, (2) the death was caused by the operation of a motor vehicle by the defendant, and (3) the defendant operated the motor vehicle in a reckless manner likely to cause the death of or great bodily harm to another person. In re Standard Jury Instructions in Criminal Cases-No. 2006-1, 946 So. 2d 1061, 1067 (Fla. 2006).

"Vehicular homicide cannot be proven without also proving the elements of reckless driving," Berube v. State, 6 So. 3d 624, 625 (Fla. 5th DCA 2008), which involves

---

[2] For this reason, we decline to address the scenarios that Ball posited in support of his position that a death may occur by vehicular homicide that does not involve physical force or violence.

3

driving with a "willful or wanton disregard for the safety of persons or property." §
316.192(1)(a), Fla. Stat. (2013). "Wanton" means "with a conscious and intentional
indifference to consequences and with knowledge that damage is likely to be done to
persons or property." Fla. Std. Jury Instr. (Crim.) 28.5; D.E. v. State, 904 So. 2d 558, 561
(Fla. 5th DCA 2005); W.E.B. v. State, 553 So. 2d 323, 326 (Fla. 1st DCA 1989). A person
convicted of vehicular homicide need not have foreseen the specific consequences of his
or her actions, but must have "reasonably foreseen that the same general type of harm
might occur if he or she knowingly drove a vehicle under circumstances that would likely
cause death or great bodily harm to another." D.E., 904 So. 2d at 562.

Applying this analysis, we conclude vehicular homicide is a qualifying PRR offense
because it requires the death of an individual without any nonforce alternatives.[3] Physical
force or violence is "necessary as a condition or result" of vehicular homicide, see Perkins,
576 So. 2d at 1313, because it requires the death of a person caused by a defendant who
"knowingly drove a vehicle under circumstances that would likely cause death or great
bodily harm to another." State v. Lebron, 954 So. 2d 52, 55 (Fla. 5th DCA 2007) (quoting
D.E., 904 So. 2d at 562).

AFFIRMED.

BERGER and EDWARDS, JJ., concur.

---

[3] For this reason, vehicular homicide is different from the offense of aggravated
fleeing and eluding, which is not a forcible felony, because while the offense of aggravated
fleeing and eluding poses a great risk of physical harm to others, it can be committed
without the use of physical force or violence against an individual by merely driving at a
high speed or by driving in a manner showing wanton disregard for property. See §
316.1935(3)(a), Fla. Stat. (2013); Bynes v. State, 127 So. 3d 556, 558 (Fla. 4th DCA
2012). Unlike aggravated fleeing and eluding, vehicular homicide requires reckless
driving resulting in death.

4