# Supreme Court of Florida

_____

No. SC14-416
_____

**CHARLES LEE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 25, 2018]

QUINCE, J.

Charles Lee seeks review of the decision of the Second District Court of

Appeal in Lee v. State, 130 So. 3d 707 (Fla. 2d DCA 2013), on the ground that it

expressly and directly conflicts with a decision of another district court of appeal

on a question of law.[1]  We have jurisdiction.  See art. V, § 3(b)(3), Fla. Const.

---

1. The Second District Court of Appeal denied Lee's claim citing Walle v.
State, 99 So. 3d 967 (Fla. 2d DCA 2012), quashed, 41 Fla. L. Weekly S455 (Fla.
Sept. 21, 2016), which was pending review at this Court.

**STATEMENT OF THE CASE AND FACTS**

The facts of this case were provided in the Second District's decision as follows:

> On the evening of November 21, 1999, Mr. Lee was on a street and got into a disagreement with two people who were in a van attempting to purchase cocaine. The nature of the disagreement is not entirely clear, but there is evidence that Mr. Lee thought he was owed forty dollars. Mr. Lee threatened to shoot the driver if he drove away. When the driver attempted to leave, Mr. Lee carried through with his threat. He shot the driver, who sustained permanent, disabling injuries. Mr. Lee was fifteen years old at the time of these events.
>
> The State filed an information charging Mr. Lee as an adult with attempted murder in the first degree. The information alleged that he "did attempt to kill and murder and inflict upon [the victim] mortal wounds by shooting with a firearm." The testimony at trial included testimony from the treating physician about the gunshot wound and the extent of the injury. The jury returned a verdict finding Mr. Lee guilty of attempted first-degree murder with a firearm as charged in the information.

Lee v. State, 130 So. 3d at 708-09.

Lee was originally sentenced to life imprisonment on April 20, 2001. Because section 775.087, Florida Statutes (2000),[2] applied, the trial court classified the offense as a life felony and sentenced Lee to life without parole. Id. at 709. After the United States Supreme Court's decision in Graham v. Florida, 560 U.S. 48 (2010), Lee filed a motion to correct illegal sentence, which the trial court granted. Id. At the conclusion of resentencing in 2011, a successor trial judge

---

2. Section 775.087 is known colloquially as the 10-20-Life statute.

sentenced Lee to forty years' imprisonment with a twenty-five year minimum mandatory sentence.  Id.

On appeal to the Second District Court of Appeal, the district court held that Lee's newly imposed sentence did not violate Graham.  Lee, 130 So. 3d at 710 (citing Walle v. State, 99 So. 3d 967 (Fla. 2d DCA 2012), quashed, 41 Fla. L. Weekly S455 (Fla. Sept. 21, 2016)).  The Second District denied Lee's remaining claims.  Id.

**DISCUSSION**

Lee raises four issues in this review proceeding.[3]  Because the first issue in this case is entirely controlled by this Court's decisions in Kelsey v. State, 206 So. 3d 5 (Fla. 2016), and Johnson v. State, 215 So. 3d 1237 (Fla. 2017), Lee is entitled to be resentenced.

In Kelsey, this Court stated:

> After we made clear that Graham does indeed apply to term-of-years sentences, we have declined to require that such sentences must be "de facto life" sentences for Graham to apply.  See, e.g., Guzman v. State, 183 So. 3d 1025, 1026 (Fla. 2016).  By using chapter 2014-220 as a guide, we avoid second-guessing the legislative contemplation that resulted in the twenty-year cutoff for judicial

---

3.  Lee argues: (1) that he is entitled to be resentenced pursuant to chapter 2014-220, Laws of Florida; (2) that the trial court is required to consider an updated presentence investigation report (PSI); (3) that a minimum mandatory sentence under section 775.087, Florida Statutes, is unconstitutional as applied to him; and (4) that the trial court erred in imposing the 25-year minimum mandatory term because the information did not allege great bodily harm.

- 3 -

review contained in the law. . . . Because we determine that resentencing is the appropriate remedy, the trial courts may embrace all of the provisions of chapter 2014-220 and are not required to limit themselves to only applying the judicial review provision.

Kelsey v. State, 206 So. 3d at 10-11. Following Kelsey, this Court issued a decision in Johnson, holding:

Post-Henry, we must ensure that a juvenile nonhomicide offender does not receive a sentence that provides for release only at the end of a sentence (e.g. a 45-year sentence with no provision for obtaining early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term, such as in Kelsey). Secondly, we must ensure that a juvenile nonhomicide offender who is sentenced post-Henry does not receive a sentence which includes early release that is not based on a demonstration of rehabilitation and maturity (i.e. gain time or other programs designed to relieve prison overpopulation). Last, we must ensure that a juvenile nonhomicide offender who is sentenced post-Henry does not receive a sentence that provides for early release at a time beyond his or her natural life (e.g. a 1,000-year sentence that provides parole-eligibility after the offender serves 100 years). To qualify as a "meaningful opportunity for early release," a juvenile nonhomicide offender's sentence must meet each of the three parameters described in Henry.

Johnson, 215 So. 3d at 1243 (discussing Henry v. State, 175 So. 3d 675 (Fla. 2015)).

Lee, as was Kelsey, is serving a 40-year sentence for a nonhomicide crime that he committed when he was a juvenile. Like Kelsey, Lee was resentenced after the United States Supreme Court's decision in Graham but before the Florida Legislature passed chapter 2014-220. And, like Kelsey—and as noted in Johnson—Lee's sentence does not provide him an opportunity to obtain early

- 4 -

release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term. Accordingly, Lee is entitled to resentencing under the juvenile sentencing provisions in chapter 2014-220.

We find Lee's second claim without merit. The trial court may, but is not required to under the rule or statute, order an updated PSI. See Fla. R. of Crim. P. 3.710(a); § 985.565(3)(c), Florida Statutes (2017); see, e.g., Barber v. State, 293 So. 2d 710, 711 (Fla. 1974) ("The requirement of [Florida Rule of Criminal Procedure] 3.710 does not continue or revive upon a second, future occasion of an adjudication of guilt and sentencing for violation of the probation earlier granted which had already fulfilled the mandate of the rule."). Furthermore, because Lee is entitled to be resentenced under the provisions of chapter 2014-220, we decline to address the remaining issues on appeal.

It is so ordered.

LABARGA, C.J., and PARIENTE, J., concur.
LEWIS, J., concurs in result.
POLSTON, J., dissents with an opinion, in which CANADY and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

POLSTON, J., dissenting.

Unlike the majority, I believe that a juvenile nonhomicide offender's sentence must violate Graham v. Florida, 560 U.S. 48 (2010), in order for that

defendant to be entitled to resentencing pursuant to <u>Graham</u>.  <u>See</u> <u>Kelsey v. State</u>, 206 So. 3d 5, 14 (Fla. 2016) (Polston, J., dissenting).  Here, because Lee's 40-year sentence is not a life sentence or a de facto life sentence, his sentence does not violate <u>Graham</u>.  <u>See</u> <u>Graham</u>, 560 U.S. at 82.  Therefore, Lee is not entitled to resentencing.  I respectfully dissent.

CANADY and LAWSON, JJ., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

    Second District - Case No. 2D11-2163

    (Pasco County)

Howard L. "Rex" Dimmig, II, Public Defender, and Matthew D. Bernstein, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, Marilyn Muir Beccue, and Cerese Crawford Taylor, Assistant Attorneys General, Tampa, Florida,

    for Respondent